UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SHEER,

    Petitioner,

v.

CASE NO. 2:16-CV-14261
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

PAT WARREN,[1]

    Respondent.
_____/

# OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

David Sheer, ("petitioner"), confined at the Macomb Correctional Facility in Lenox Township, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for armed robbery, M.C.L.A. 750.529. The trial court sentenced Sheer as an habitual offender, fourth offense, M.C.L.A. 769.12, to 18 to 40 years' imprisonment, to be served consecutive to a parole sentence. For the reasons stated below, the petition for a writ of habeas corpus is DENIED.

---

[1]The Court amends the caption to reflect the current warden of petitioner's incarceration.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> At about 11:00 p.m. on November 10, 2009, a man entered and robbed an adult novelty store with a utility knife, taking $588 and a number of DVDs. Sheer's former girlfriend, Misty Michelle Justice, testified at trial. Before Justice's testimony commenced, juror questions distracted the trial court, and the trial court inadvertently neglected to swear in Justice. Neither the prosecution nor Sheer objected to Justice's subsequent unsworn testimony. Justice testified that at about 10:00 p.m. on November 10, 2009, Sheer left the couple's trailer in Justice's vehicle, and then returned to the trailer at about 4:00 a.m. According to Justice, when Sheer returned, he had money and DVDs. On November 19, 2009, Justice gave the police her account of Sheer's behavior surrounding the time of the robbery. Thereafter, the police searched the trailer and found 38 DVDs that were stolen during the robbery. The police also searched Justice's vehicle and found a utility knife. Sheer now appeals.

*People v. Sheer*, No. 302109, 2012 WL 470194, at *1 (Mich. Ct. App. Feb. 14, 2012).

Petitioner's conviction was affirmed on appeal. *Id.; lv. den.* 492 Mich. 855, 817 N.W.2d 85 (2012).

Petitioner filed a post-conviction motion for relief from judgment

-2-

pursuant to M.C.R. 6.500, *et. seq.,* which the trial court denied. *People v. Sheer*, No. 10-230574-FC (Oakland County Cir. Ct. Feb. 6, 2015). The Michigan appellate courts denied petitioner leave to appeal. *People v. Sheer,* No. 328623 (Mich. Ct. App. Nov. 4, 2015); *lv. den.* 500 Mich. 853, 883 N.W.2d 752 (2016).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Mr. Sheer was denied his right to a fair trial, a properly instructed jury, and his full right to confrontation, under the U.S. Const Am VI, and Const 1963, Art 1, § 20, where the trial court failed to have a – perhaps the key – prosecution witness sworn under oath or affirming the truth of her proposed testimony, as is required by statute and court rule, and the witness provided highly prejudicial and incriminating evidence; and, his Sixth Amendment right to the effective assistance of counsel through counsel's failure to object.[2]

II. The prosecutor violated appellant[']s due process rights by providing false testimony that Misty Justice and defendant lived together at the time of the armed robber[y] at Intimate Idea store; alternatively[,] due process entitled appellant to a new trial based on newly discovered evidence.

III. Defendant was unlawfully deprived of the effective assistance of trial counsel when trial counsel failed to object to the State's violation of the court's discover[y] order, and to object to the voice identification testimony and further because he failed to adequately challenge misidentification of the defendant and where he failed to adequately investigate

---

[2]Respondent addresses the second half of Issue I as a separate issue, entitling it as Issue II. Respondent does not list petitioner's Issue II, but addresses it on page 46 of Respondent's Answer.

possible methods to impeach Mistie Justice as part of his trial strategy. Because of these cumulative errors of trial counsel deprived defendant from receiving a fair trial.[3]

IV. Decision [that] counsel was not ineffective in not objecting to voice identification was objectively unreasonable as state court decision arrived at a conclusion opposite to that reached by [the supreme] court.

V. Decision [that] counsel was not ineffective in not challenging the in court identification was objectively unreasonable as [the] state court's decision arrived at a conclusion opposite to that reached by [the supreme] court.

VI. Decision [that] counsel was not ineffective in not properly investigating his trial strategy to impeach the perjury testimony of the prosecutor's witness was objectively unreasonable as [the] state court's decision arrived at a conclusion opposite to that reached by [the supreme] court.[4]

VII. The prosecutor unlawfully deprived the defendant of his due process right to a fair trial when the prosecutor [admitted] into evidence Exhibits PX1, PX4, PX5 and PX6 based on hearsay testimony of Officer Dennis Servis which was not authenticated by the sworn testimony of Mistie Justice and further trial counsel's failure to object to this highly prejudicial hearsay testimony evidence amounted to ineffective assistance of counsel at trial.[5]

VIII. Decision [that] counsel was not ineffective in not objecting to the highly prejudicial uncorroborated testimony of the officer was objectively unreasonable as [the] state court's decision

---

[3]Petitioner references his girlfriend as "Misty" and "Mistie."

[4]Petitioner's arguments do not list a number VI. Respondent references petitioner's argument VII as number VI. The Court will address VII as number VI.

[5]This is petitioner's VIII claim in his habeas petition. *See* page 49.

arrived at a conclusion opposite to that reached by [the supreme] court.[6]

IX. Defendant Sheer is entitled to relief from judgment because the trial court[']s ruling [that] Sheer had not shown cause under MCR 6.508(D)(3) for not raising the issues he now raises on appeal was clearly erroneous and [an] abuse of discretion as appellate counsel['s] failure to raise them unlawfully deprived him of his Sixth Amendment right to effective assistance of counsel on appeal.[7]

Respondent has filed an answer in opposition to the petition for a writ of habeas corpus, which is construed in part as a motion to dismiss on the basis that petitioner's claims are barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

## III. Discussion

The Court will discuss petitioner's claims together for judicial economy and clarity. Respondent claims that petitioner's first and second through ninth claims are procedurally defaulted for various reasons. The Court will also discuss the part of petitioner's first claim alleging the ineffective assistance of trial counsel, and his tenth claim alleging the ineffective assistance of appellate counsel, because petitioner attempts to use these claims to excuse the default of his claims.

---

[6]Petitioner's argument IX. *See* page 56.

[7]Petitioner's argument X. *See* page 59.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a habeas petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

Petitioner in his first claim alleges that the trial court denied him his

constitutional right to confront an adverse witness by allowing Ms. Justice's unsworn testimony. Respondent argues that this claim is waived and procedurally defaulted because petitioner failed to object to the unsworn testimony.

The Michigan Court of Appeals concluded that petitioner's confrontation claim was waived because he failed to object to the unsworn testimony. *People v. Sheer*, 2012 WL 470194, at *1. A state court conclusion that an issue was waived is considered a procedural default. *See e.g. Shahideh v. McKee*, 488 F. App'x 963, 965 (6th Cir. 2012).

Petitioner alleges that trial counsel was ineffective by not objecting to the unsworn testimony of the prosecution's witness.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance.

*Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).

The Michigan Court of Appeals denied relief on petitioner's ineffective assistance of trial counsel claim, finding:

> [D]efense counsel's performance fell below an objective standard of reasonableness where counsel failed to object to Justice's unsworn testimony. However, to establish his claim of ineffective assistance of counsel, Sheer must also demonstrate that, but for counsel's error, the outcome of trial would have been different and that the error rendered the proceedings "fundamentally unfair or unreliable." As discussed above, the trial proceeded as if Justice's testimony was sworn, and the record does not indicate that Justice testified differently because she was not under oath. Moreover, the prosecution presented ample evidence of Sheer's guilt other than Justice's unsworn testimony. Thus, Sheer fails to establish that defense counsel's failure to object to Justice's unsworn testimony prejudiced Sheer by affecting the outcome of his trial.

*Sheer*, 2012 WL 470194, at *2. (Internal citation omitted).

The Michigan Court of Appeals' conclusion that petitioner was not prejudiced by trial counsel's failure to object to the unsworn testimony was a reasonable one, precluding a finding of ineffective assistance of counsel, either to establish cause to excuse the default of the Confrontation Clause claim, or as an independent ground for relief. *Compare Griffin v. Harrington*, 727 F.3d 940, 948-949 (9th Cir. 2013)(Murder defendant was prejudiced by defense counsel's failure to raise timely objection to witness's unsworn testimony, as required to establish ineffective assistance of counsel, where no evidence supported finding that timely objection would have resulted in witness swearing oath, lack of timely objection resulted in admission of witness's disclaimed prior inconsistent

statement identifying defendant as shooter, and evidence was insufficient, without that statement, to support conviction).

Petitioner first claim is procedurally defaulted by failing to object at trial. Furthermore, petitioner has failed to show that he was denied the effective assistance of trial counsel by counsel's failure to object to establish cause.

Respondent contends that the remainder of petitioner's claims are procedurally defaulted because they were raised for the first time in petitioner's post-conviction motion for relief from judgment and petitioner failed to show cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3).

M.C.R. 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

The Supreme Court noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly'

states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that the defendant failed "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention the petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The trial court judge, in denying petitioner's post-conviction motion, cited to M.C.R. 6.508(D)(3)(a) and ruled that petitioner failed to establish good cause for not raising his claims on direct appeal. *People v. Sheer,* No. 10-230574-FC, *2. The judge further noted that petitioner failed to "set forth any reason for his failure to raise on appeal the issues he now raises in his motion for relief from judgment." *Id.* The Court further concluded that petitioner was unable to show actual prejudice, as required under M.C.R. 6.508(D)(3)(b) to support his post-conviction motion. *Id.,* *3. Because the trial court judge clearly denied petitioner post-conviction relief based on the procedural grounds stated in Mich. Ct. R. 6.508(D)(3), petitioner's remaining claims are procedurally defaulted pursuant to Mich. Ct. R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007).[8]

Petitioner alleges the ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous

---

[8]Petitioner could not have procedurally defaulted any ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F.3d at 291. However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

*Id.* at 463 U.S. at 754.

Moreover, "[a] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 753. (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring an [ineffective assistance of counsel] claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out

weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d at 870.

Petitioner fails to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his second through ninth claims.

Appellate counsel filed an appellate brief containing two issues.[9] Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Michigan Attorney General in the answer to the petition for a writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners."

---

[9]*See* Defendant-Appellant's Brief on Appeal. [This Court's Dkt. # 11-7]. The two issues have been consolidated into petitioner's habeas Issue I.

Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F.3d 674, 682-83 (6th Cir. 2000).

Because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

Petitioner has not alleged or demonstrated any cause for his procedural defaults. It is unnecessary to reach the prejudice issue regarding his defaulted claims. *Smith*, 477 U.S. at 533; *See also Harris v. Stegall,* 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001). Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider petitioner's defaulted claims as grounds for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will

not occur if the Court declined to review petitioner's procedurally defaulted claims on the merits. *Harris v. Stegall,* 157 F. Supp. 2d at 751.

## IV. Conclusion

The Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if petitioner shows that jurists of reason would find it debatable

whether petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: May 8, 2019

                                                s/George Caram Steeh  
                                                GEORGE CARAM STEEH  
                                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 8, 2019, by electronic and/or ordinary mail and also on David Sheer #224240, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048.

s/Barbara Radke  
Deputy Clerk

---